**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

BETTY BRASFIELD,

    Plaintiff,

vs.                                    CASE NO. 8:11-cv-1733-T-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER AND OPINION

This case is before the Court on Plaintiff's complaint (Doc. #1), seeking review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying Plaintiff's claim for a period of disability and disability insurance benefits ("DIB"). Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned (Docs. #11 & #21). The Commissioner has filed a transcript of the underlying administrative proceedings and evidentiary record (hereinafter referred to as "Tr." followed by the appropriate page number). For the reasons set out herein, the Commissioner's decision is **AFFIRMED**.

### I. Procedural History

Plaintiff filed applications for a period of disability and disability insurance benefits, alleging disability beginning January 1, 2002 (Tr. 127-28). Plaintiff's applications were denied initially and upon reconsideration (Tr. 44-45, 50-55). Plaintiff requested an administrative hearing, which was held on June 9, 2010 (Tr. 22-43). The administrative law judge ("ALJ") issued a decision denying Plaintiff's applications on August 19, 2010 (Tr. 7-

1

17). Plaintiff filed a request for review, which the Appeals Council denied on June 24, 2011 (Tr. 1-5).  Plaintiff filed the instant action in federal court on August 3, 2011 (Doc. #1).

## II. Summary of the ALJ's Decision

A plaintiff may be entitled to disability benefits under the Social Security Act if she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected either to result in death or last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(A).  The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits.[1]  See 20 C.F.R. § 404.1520[2]; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).

In the instant case, the ALJ found that Plaintiff met the Social Security Act's insured status requirements through December 31, 2005 (Tr. 12).  At step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2002, the alleged onset date, through her date last insured of December 31, 2005.  *Id.*  At step two, the ALJ found Plaintiff suffered from the severe

---

[1] First, if a claimant is engaging in substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments that significantly limits her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from performing her past relevant work, she is not disabled.  20 C.F.R. § 404.1520(f).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(g). A plaintiff bears the burden of persuasion through step four, but the burden shifts to the Commissioner at step five.  *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

[2] Unless otherwise specified, all references to 20 C.F.R. will be to the 2012 edition.

impairments of hip disorder, knee pain, and obesity. *Id.* At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 13). At step four, the ALJ found Plaintiff had the residual functional capacity ("RFC")

> to perform medium work as defined in 20 CFR 404.1567(c). Specifically, the claimant is able to lift and/or carry 50 pounds occasionally and 25 pounds frequently, walk and stand for 6 hours total in an 8-hour workday, and sit for 2 hours total out of an 8-hour workday; and she can occasionally bend, stoop, crouch, and crawl.

*Id.* Considering this RFC, the ALJ found that Plaintiff was capable of performing her past relevant work as a claims examiner (Tr. 15). Continuing to step five, the ALJ found, in the alternative, that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform including: linen room attendant, dining room attendant, hospital cleaner, cashier parking, information clerk, and counter clerk (Tr. 16). Therefore, the ALJ found that Plaintiff was not under a disability at any time from January 1, 2002, the alleged onset date, through December 31, 2005, the date last insured (Tr. 17).

### III. Standard of Review

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. *See also Richardson v. Perales*, 402 U.S. 389, 390 (1971).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established . . . and such relevant evidence as a reasonable person would accept as

adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. Although the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

In all Social Security disability cases, the plaintiff bears the ultimate burden of proving disability and is responsible for furnishing or identifying medical and other evidence regarding the claimed impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability

unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is the plaintiff's burden to provide the relevant medical and other evidence establishing disabling physical or mental functional limitations. 20 C.F.R. § 404.704.

**IV. Whether the ALJ framed an appropriate hypothetical to the vocational expert**

Plaintiff raises one argument on appeal. Plaintiff argues the hypothetical presented by the ALJ to the vocational expert ("VE") was inconsistent with the residual functional capacity findings in the ALJ's decision.

In the instant case, the ALJ submitted written interrogatories to the VE, which included two hypothetical questions (Tr. 183-85). The first hypothetical asked the VE to assume a person who could perform light work with a sit/stand option and was limited to occasional bending, stooping, crouching, and crawling. *Id.* In response to the first hypothetical, the VE identified several light unskilled jobs a person with that RFC could perform, including parking cashier, information clerk, and counter clerk. *Id.* The second hypothetical asked the VE to assume a person who could perform medium work and was limited to occasional bending, stooping, crouching, and crawling. *Id.* In response to the second hypothetical, the VE identified several medium unskilled jobs a person with that RFC could perform, including linen room attendant, dining room attendant, and hospital cleaner. *Id.* The VE indicated the information provided conformed with the information contained in the Dictionary of Occupational Titles ("DOT"). *Id.*[3]

---

[3] Immediately following the two hypothetical questions was a question asking, "In your opinion, could this person do the claimant's past relevant work?" (Tr. 184). The VE responded "yes." Although it is unclear, it appears the VE intended this response to
(continued...)

5

>In his decision, the ALJ found Plaintiff had the residual functional capacity ("RFC")
>
>>to perform medium work as defined in 20 CFR 404.1567(c). Specifically, the claimant is able to lift and/or carry 50 pounds occasionally and 25 pounds frequently, walk and stand for 6 hours total in an 8-hour workday, and sit for 2 hours total out of an 8-hour workday; and she can occasionally bend, stoop, crouch, and crawl.

(Tr. 13).

Plaintiff argues the ALJ found Plaintiff was limited to walking and standing for six hours *total* in an eight-hour workday, and to sitting for two hours *total* in an eight-hour workday, but failed to include any walking, standing or sitting limitations in the second hypothetical to the VE. Thus, Plaintiff argues the second hypothetical presented to the VE was inconsistent with the residual functional capacity findings in the ALJ's decision, and the ALJ's decision is not supported by substantial evidence.

Plaintiff is correct that, when a vocational expert is utilized at the fifth step in the sequential evaluation process, the hypothetical questions posed must include all impairments of the particular claimant. *Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985); *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). When the ALJ relies on the testimony of a VE, "the key inquiry shifts to the adequacy of the RFC description contained in the hypothetical posed to the VE" rather than the RFC simply cited in the ALJ's decision. *Corbitt v. Astrue*, No. 3:07-cv-518-J-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17,

---

[3](...continued)
encompass both hypothetical questions because she thereafter denoted which hypothetical she was responding to when she provided other occupations that such a person could perform. The VE also responded "yes" to the question, "Are there transferable skills?" *Id.*

2008)[4] (citing *Dowell v. Barnhart*, NO. 06-1023-WEB, 2006 WL 4046164, at *3 (D. Kan. Oct. 31, 2006)). Therefore, the Court must determine whether the ALJ failed to include any limitations resulting from Plaintiff's severe impairments in the hypothetical question that formed the basis of the VE's testimony, and if so, whether such failure constitutes grounds for reversal.

Defendant argues the ALJ did not actually intend in her RFC assessment to limit Plaintiff to standing/walking only six hours in a day and to sitting only two hours in a day, but was merely stating that Plaintiff's abilities conformed to the definition of medium work.[5]

---

[4] Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

[5] Medium work is defined as:

lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. *A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday* in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds. *As in light work, sitting may occur intermittently during the remaining time.* Use of the arms and hands is necessary to grasp, hold, and turn objects, as opposed to the finer activities in much sedentary work, which require precision use of the fingers as well as use of the hands and arms.

The considerable lifting required for the full range of medium work usually requires frequent bending-stooping (Stooping is a type of bending in which a person bends his or her body downward and forward by bending the spine at the waist.) Flexibility of the knees as well as the torso is important for this activity. (Crouching is bending both the legs and spine in order to bend the body downward and forward.) However, there are a relatively few occupations in the national economy which require exertion in terms of weights that must be lifted at times (or involve equivalent exertion in pushing or pulling), but are performed primarily in a sitting position, e.g., taxi driver, bus driver, and tank-truck driver (semiskilled jobs). *In most medium jobs, being on one's feet for most of the workday is critical.* Being able to do frequent lifting or carrying of objects weighing up to 25 pounds is often more

(continued...)

Therefore, Defendant argues, the second hypothetical is not inconsistent with the RFC. However, the Regulations define medium work as requiring standing or walking for "approximately" six hours in a workday. Thus, the Court finds the ALJ's language is ambiguous at best.

The RFC is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite the claimant's impairments. 20 C.F.R. § 404.1545. The RFC is defined in the regulations as "the *most* [an individual] can still do despite [his or her] limitations." *Id.* (emphasis added). Here, the ALJ found Plaintiff was able to "walk and stand for 6 hours *total* in an 8-hour workday, and sit for 2 hours *total* out of an 8-hour workday" (Tr. 13) (emphasis added). It would appear from the language used by the ALJ that this represented the maximum amount of standing/walking and sitting Plaintiff could do in a workday, not the minimum. As indicated above, "[a] full range of medium work requires standing or walking, off and on, for a total of *approximately* 6 hours in an 8-hour workday." SSR 83-10 (emphasis added). As Plaintiff notes, the use of the word "approximately" means it is possible that some medium jobs require standing or walking for more than six hours in a workday, just as some medium jobs may require less standing or walking. Thus, merely limiting Plaintiff to medium work did not adequately capture Plaintiff's standing/walking and sitting limitations, because the ALJ found Plaintiff was only capable of standing and walking for a *total* of six hours and no more. Because the ALJ found Plaintiff had specific limitations in standing/walking and sitting, she was required to

---

[5](...continued)
critical than being able to lift up to 50 pounds at a time.

SSR 83-10, 1983 WL 31251 (S.S.A. 1983) (emphasis added).

include these limitations in the hypothetical offered to the VE.  The ALJ failed to do so.  Because the second hypothetical failed to include all of Plaintiff's limitations resulting from her severe impairments, the ALJ could not rely on the VE's response.  *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1181 (11th Cir. 2011) (VE's testimony is not substantial evidence where ALJ's hypothetical failed to include or otherwise implicitly account for all of plaintiff's impairments).  Therefore, the ALJ's finding that Plaintiff could perform the medium unskilled jobs of linen room attendant, dining room attendant, and hospital cleaner is not supported by substantial evidence.

However, the ALJ's failure to include the standing/walking and sitting limitations in the second hypothetical is harmless error, because the ALJ's overall disability determination is still supported by substantial evidence.  Harmless errors are those which do not prejudice the plaintiff and would not change the disability determination.  *Battle v. Astrue,* 243 Fed. Appx. 514, 522 (11th Cir. 2007) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)); *see also Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981)[6] (remand would be a "wasteful corrective exercise" when "no further findings could be made that would alter the ALJ's determination" given the record as a whole).  Here, the ALJ's first hypothetical asked the VE to consider a person limited to light work with a sit/stand option and limited to occasional bending, stooping, crouching, and crawling (Tr. 184).  This hypothetical accounted for Plaintiff's standing/walking and sitting limitations,[7] but was even

---

[6] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[7] Including the sit/stand option encompasses Plaintiff's standing, walking, and sitting (continued...)

more restrictive because it limited Plaintiff to light work instead of medium work.[8] The VE responded that such a person could perform the light jobs of parking cashier, information clerk, and counter clerk. *Id.* Thus, even with restrictions greater than those found in the RFC, the VE still identified jobs Plaintiff was capable of performing. Accordingly, the ALJ's omission in the second hypothetical amounts to no more than harmless error, because the ALJ's ultimate determination is still supported by substantial evidence. *See Ramos v. Astrue*, No. 8:11-cv-1942-T-MCR, 2012 WL 3670397, at *8 (M.D. Fla. Aug. 27, 2012) ("[A]n ALJ's failure to include certain limitations in a hypothetical posed to the VE amounted to no more than harmless error where the VE provided testimony that those limitations would not affect the plaintiff's occupational base."); *Ooley v. Astrue*, No. 8:10-cv-2292-T-TGW, 2011 WL 5358923, at *3 (M.D. Fla. Oct. 28, 2011) (ALJ's failure to include limitation to only frequent reaching in RFC or his hypothetical question was harmless error where VE identified jobs plaintiff could perform in response to counsel's hypothetical that included more restrictive limitation of occasional reaching)*; Luna v. Astrue*, No. CIV-07-0481-F, 2008 WL 867748, at *4 (W.D. Okla. Mar. 27, 2008) (ALJ's decision supported by substantial evidence where VE identified jobs plaintiff was capable of performing in response to hypothetical that contained greater restrictions that those found in RFC)*; McLain v. Astrue*, No. 8:06-cv-2156-T-TBM, 2008 WL 616094, at *7 (M.D. Fla. Mar. 3, 2008) (ALJ's

---

[7](...continued)
limitations because "[t]he 'reasonable implication' of imposing a sit/stand option is that Plaintiff would be able to change her position at her own volition." *Riley v. Astrue*, No. 6:11-cv-1437-Orl-JRK, 2012 WL 3522640, at *7 (M.D. Fla. 2012) (citing *Williams v. Barnhart*, 140 Fed. Appx. 932, 936-37 (11th Cir. 2005)).

[8] "If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

erroneous finding that plaintiff could perform job of cashier was harmless error where VE identified three other jobs plaintiff could perform in response to hypothetical question); *Walker v. Astrue*, No. 8:06-cv-23360-T-TGW, 2008 WL 516563, at *3 (M.D. Fla. Feb. 22, 2008) (failure to include restriction to simple repetitive tasks in the hypothetical question was harmless error where job identified by VE did not demand a mental capacity beyond that possessed by the plaintiff).

## V. Conclusion

Upon due consideration, the undersigned finds the decision of the Commissioner was decided according to proper legal standards and is supported by substantial evidence. As neither reversal nor remand is warranted in this case, the decision of the ALJ is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. §405(g).  The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file.  Each party shall bear its own fees and costs.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of September, 2012.

_____
THOMAS E. MORRIS
United States Magistrate Judge

Copies to: All counsel of record